CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 19 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VINCENT E. BRUCE,<br><br>    Plaintiff,<br><br>v.<br><br>TRACY S. RAY, ET AL.,<br><br>    Defendant(s). | Case No. 7:09CV00070<br><br>**MEMORANDUM OPINION**<br><br>By: Glen E. Conrad<br>United States District Judge |

Plaintiff Vincent E. Bruce, a Virginia inmate proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. Bruce sues the Warden of Red Onion State Prison and the "male correctional officers in segregation" because officers' use of chewing tobacco while serving inmate meals is so disgusting to him that, many days, he is unable to eat. He seeks monetary damages, changes in policy, or a transfer. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

## Background

Bruce alleges that "all" the officers in the segregation unit where he is housed distribute inmates' meal trays with "dip" or chewing tobacco in their mouths. They carry "spit bottles" in their back pockets or spit tobacco juice in the inmates' trash cans, floor drains, or toilets. After being given a food tray handled by a tobacco-chewing officer, Bruce has asked for a replacement tray, without success. After seeing "dip in the [officers'] mouths . . . caked up and lodged between their teeth," seeing them spit into a spit bottle and then resume serving food trays, or seeing them suck in mouthfuls of spit to keep from spilling it out of their mouths---Bruce often can no longer eat his

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

meal. He has filed complaints and grievances about the problem, only to have them "lost" or unanswered. Officers lose his paperwork in order to cover for each other, because they grew up together or are related to each other.[2] He has lost weight and has headaches from not being able to eat "cleanly and safely."

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As a preliminary matter, Bruce cannot maintain his action against "male correctional officers" as a group, since such a group does not qualify as a "person" subject to suit under 42 U.S.C. § 1983. All claims against this group must be dismissed.

The other defendant Bruce has named, Warden Ray, is a person subject to suit under § 1983. However, Bruce fails to allege facts stating any claim against the Warden. A supervisory official cannot be automatically held liable under § 1983 for wrongdoing committed by his subordinates. Such an official is liable only if (1) he is actually or constructively aware of a pervasive, unreasonable risk of harm from a specified source, (2) he is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisor's inaction and the constitutional injury. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). Bruce demonstrates that Warden Ray knows about the chewing tobacco complaint through Bruce's grievances. However, Bruce's allegations do not indicate that Warden Ray has ever condoned the segregation officers' tobacco use during meal service or that the officers' actions were compliant with any policy or practice for which Ray is responsible. Therefore, Bruce states no § 1983 claim against the warden.

Moreover, Bruce's allegations fail to state a § 1983 claim against anyone. The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452

---

[2] Bruce submits documentation indicating that he has exhausted his administrative remedies as to this claim. Grievance responses indicate that policy prohibits officers from using tobacco products while serving food or in the kitchen.

U.S. 337 (1981). On the other hand, "[t]o the extent that [prison living] conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347; Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (finding that segregation inmates did not state Eighth Amendment claim when they complained of being housed for six months in a unit with no outside recreation, no clean clothes, inadequate food, and cells infested with vermin and smeared with urine and feces). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). The plaintiff must also show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, see Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), or that his continued, unwilling exposure to the challenged conditions creates a substantial risk of such harm, see Helling v. McKinney, 509 U.S. 25, 31 (1993). Violations of state procedures or regulations do not give rise to any federal constitutional claim. Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990) (finding that violation of state procedure does not give rise to federal due process claim); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (finding that § 1983 was intended to protect only federal rights guaranteed by federal law).

Bruce simply cannot show that officers' tobacco use has caused, or is likely to cause, any serious or significant injury. By his own admission, it is his personal sensitivity and reaction to the officers' actions that causes him to lose his appetite. The officers' actions, while disgusting and unprofessional, do not physically prevent Bruce from eating. Moreover, as his allegations are that they dispose of their spit in places where germs are not readily transferred to others, he fails to demonstrate that their actions present any significant risk to his health. To the extent that their actions violate some state prison procedure or rule, such violations are not independently actionable

- 3 -

under § 1983.[3] For these reasons, Bruce's allegations fail to state any actionable claim against anyone, and his § 1983 complaint must be dismissed accordingly, pursuant to § 1915A(b)(1). An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 19th day of March, 2009.

*/s/ [signature]*
United States District Judge

---

[3] To the extent that Bruce may have some cause of action under state law based on the officers' conduct, the court declines to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c).

- 4 -

Case 7:09-cv-00070-GEC-mfu   Document 5   Filed 03/19/09   Page 4 of 4   Pageid#: 16